**Jagat KHADKA, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, U.S. Attorney General, Respondents.**

No. 07–5342–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

---

Khagendra Gharti–Chhetry, Durga Prasad Bhurtel, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Blair T. O'Connor, Senior Litigation Counsel, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jagat Khadka, a native and citizen of Nepal, seeks review of an October 30, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Jagat Khadka,* No. A96 261 996 (B.I.A. Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, the Government properly argues that our review is limited only to the BIA's denial of Khadka's motion to reopen. *See id.* at 89–90 (noting that where an individual files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion). Accordingly, we do not consider Khadka's arguments regarding the merits of his CAT claim.

The Immigration and Nationality Act ("INA") provides that an individual may file only one motion to reopen, and must do so within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Khadka's motion was untimely and number-barred, as it was his second motion to reopen, and it was filed more than one year after the BIA issued its decision affirming the IJ's denial of relief.

This Court has found that the BIA may deny a motion to reopen where the movant fails to rebut the adverse credibility finding that was the basis for the IJ's denial of the underlying asylum application. *See Kaur v. BIA,* 413 F.3d at 234. While "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible," *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (emphasis removed), that is not this case. Khadka's claim of future persecution rests only on a claim of past persecution that the IJ had previously

found not to be credible: the assertion that Khadka has been persecuted by Maoists in Nepal because of his activities with the Nepali Congress and his opposition to the Maoists.

We further conclude that the BIA did not abuse its discretion in rejecting Khadka's claim that new reports of Maoist activity showed changed country conditions. In support of his motion, Khadka introduced articles regarding Maoist activity in Nepal, along with a March 6, 2007 U.S. State Department report purportedly indicating that the Maoists are now a part of the government. Because Khadka had previously introduced similar evidence regarding Maoist activities in Nepal, the BIA reasonably required more than Khadka's conclusory assertion that the Maoists are now "more powerful," Petitioner's Br. at 11, to support his claim that the situation in Nepal had changed materially.[1] *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Khadka incorrectly faults the BIA for referring to "peace accords" that, he claims, did not exist when he filed his first motion to reopen. This mischaracterizes the BIA's decision. The BIA referred to Khadka's prior *argument*, which did, in fact, refer to a "peace accord between the Maoist rebels and Nepal Government." Regardless, the BIA's articulated basis for rejecting Khadka's second mo-

tion to reopen shows that it properly understood the nature of Khadka's argument and the evidence he submitted: "[W]ithout further explanation about how the Maoist alliance renders his situation considerably more dangerous, we do not find sufficient evidence of changed country conditions." *In re Jagat Khadka*, No. A96 261 996 (B.I.A. Oct. 30, 2007), at 2.